IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, as subrogee of Redwood Logistics, LLC,**

      Plaintiff,

  v.                              1:16-cv-2892-WSD

**ASF INTERMODAL, LLC,**

      Defendant.

## OPINION AND ORDER

This matter is before the Court on Plaintiff Travelers Property Casualty Company of America's ("Plaintiff") Motion for Entry of Default Judgment [6].

## I.   BACKGROUND

### A.   Facts

Plaintiff provided property cargo coverage for its insured, Redwood Logistics, LLC ("Redwood"). (Compl. [1] ¶ 7). Redwood acted as a broker for Rexam, a cargo shipper. (Id.). Redwood arranged transportation with Defendant ASF Intermodal, LLC ("Defendant") to ship food-grade aluminum can tops (the "Cargo") from Alabama to Georgia. (Compl. ¶ 8). On April 30, 2015, while the Cargo was in a trailer parked in Defendant's shipping yard in Conley, Georgia, the

trailer was struck by another of Defendant's trucks, resulting in the Cargo becoming environmentally contaminated. (Compl. ¶ 9).

Redwood made a claim with Plaintiff under its property cargo policy. Plaintiff paid Redwood $95,114.79 for the claimed damages, and Redwood incurred a $10,000 deductible. (Compl. ¶ 11). A portion of the Cargo was able to be sold to a secondary buyer for $17,384.17. (Id.). The balance including Redwood's deductible and the applied credit for the sale to the secondary buyer is $87,730.62. (Id.). By making its payment to Redwood, Plaintiff became subrogated to the rights of Redwood to pursue Defendant for the damages to the Cargo. (Compl. ¶ 12).

    B.    <u>Procedural History</u>

On August 9, 2016, Plaintiff filed its Complaint, alleging a cause of action under 49 U.S.C. § 14706, <u>et</u> <u>seq.</u> (the "Carmack Amendment"). Plaintiff seeks $87,730.62 in damages, plus costs.

On November 29, 2016, Defendant was served with a copy of the Summons and Complaint. To date, Defendant has not filed any responsive pleading.

On February 10, 2017, Plaintiff filed its Motion for Entry of Default Judgment. Plaintiff seeks $87,730.62 in damages, $3,137.40 in attorneys' fees, and $400 in court costs. To support its claim for damages, Plaintiff includes,

among other documents, (1) the affidavit of Megan Muth, its claim profession who investigated the incident, (2) a letter from Rexam supporting that a breach of load integrity—as alleged here—is grounds to reject the load and declare it contaminated; (3) Rexam's transportation agreement; (4) Redwood's carrier contract and rate confirmation; (5) Rexam's claim form stating that the Cargo was "scrapped" due to risk of contamination; (6) a letter from Defendant to Rexam declining to pay Rexam's request for payment, stating that the "cargo packaging was not damaged or compromised in any way." ([6.2]).  Plaintiff supports its attorneys' fees request with a detailed account of its billing.  ([6.3]).

## II.   DISCUSSION

### A.   Legal Standard

Rule 55(b) of the Federal Rules of Civil Procedure provides that default judgment may be entered against defaulting defendants as follows:

> (1) ***By the Clerk***.  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2)  ***By the Court***.  In all other cases, the party must apply to the court for a default judgment. . . .  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the

>hearing.  The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to:
>(A)   conduct an accounting;
>(B)   determine the amount of damages;
>(C)   establish the truth of any allegation by evidence; or
>(D)   investigate any other matter.

Fed. R. Civ. P. 55(b).

"[T]here is a strong policy of determining cases on their merits . . . . [Courts] therefore view defaults with disfavor."  In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003).  "The entry of a default judgment is committed to the discretion of the district court."  Hamm v. DeKalb Cnty., 774 F.2d 1567, 1576 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986) (citing 10A Charles Alan Wright, et al., Federal Practice & Procedure § 2685 (1983)).

When considering a motion for default judgment, a court must investigate the legal sufficiency of the allegations and ensure that the complaint states a plausible claim for relief.  Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005); Bruce v. Wal-Mart Stores, Inc., 699 F. Supp. 905, 906 (N.D. Ga. 1988).  If "the plaintiff has alleged sufficient facts to state a plausible claim for relief," a motion for default judgment is warranted.  Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1246 (11th Cir. 2015).  "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim."  Id. at 1245.  "[W]hile a defaulted defendant is deemed to 'admit[] the plaintiff's

4

well-pleaded allegations of fact,' he 'is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" Cotton, 402 F.3d at 1278 (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).

  B. Analysis

    1. Carmack Amendment Claim

The Carmack Amendment "makes common carriers liable for actual loss of or damage to shipments in interstate commerce." A.I.G. Uruguay Compania de Seguros, S.A. v. AAA Cooper Transp., 334 F.3d 997, 1003 (11th Cir.2003). Specifically, it provides for liability for actual loss or injury to property caused by the receiving carrier, delivering carrier, or another carrier over whose line or route the property is transported in the United States. See 49 U.S.C. § 14706(a)(1). The statute provides a civil cause of action against the carrier alleged to have caused the loss or damage. Id. § 14706(d)(2). The statute defines carrier as: "a motor carrier, a water carrier, and a freight forwarder." Id. § 13102(3). The term "motor carrier means a person providing motor vehicle transportation for compensation." Id. § 13102(14).

Here, the Complaint alleges, and the supporting documents confirm, that Redwood compensated Defendant to ship the Cargo from Alabama to Georgia.

(See Compl. ¶ 8; [6.2]).  The Cargo, while in transit and in Defendant's possession in Georgia, became contaminated due to Defendant's negligence.  (See Compl. ¶ 9; [6.2]).  The Court finds Plaintiff's Complaint states a claim for relief under the Carmack Amendment.

        2.      Remedies

Plaintiff seeks $87,730.62 in damages, $3,137.40 in attorneys' fees, and $400 in court costs.  The Court may grant default judgment and award damages without a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation."  Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543 (11th Cir. 1985); United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir.1979).  "While a party in default admits the well-pleaded allegations of the complaint against it, a plaintiff cannot satisfy the certainty amount by simply requesting a specific amount.  He must also establish that the amount is reasonable under the circumstances."  Elektra Entm't Grp., Inc. v. Jensen, No. 1:07-CV-0054-JOF, 2007 WL 2376301, at *2 (N.D. Ga. 2007) (internal quotation omitted); see also Adolph Coors, 777 F.2d at 1544 ("Damages may be awarded only if the record adequately reflects the basis for award.").  The Court is obligated to assure (i) there is a proper basis for the damage award it enters, and (ii) that damages are not awarded solely as the result of an

6

unrepresented defendant's failure to respond.  Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1265 (11th Cir. 2003).

The Court finds Plaintiff's supporting documents adequately support its claimed damages, that the damages are capable of mathematical calculation, and that the damages are reasonable.  Rexam's claim form shows the value of the cargo was $102,998.65, and that shipping costs totaled $2,116.25.  These amounts do not appear to be disputed by Defendant in its letter rejecting the claim.  (See [6.2] at 53).  Plaintiff paid Redwood $95,114.79 for the claimed damages, and Redwood incurred a $10,000 deductible.  A portion of the cargo was sold to a secondary buyer for $17,384.17.  The balance including the insured's deductible and the applied credit for the secondary sale is $87,730.62.  The Court finds these damages are reasonable, particularly in view of Plaintiff's efforts to mitigate the damages through the sale to a secondary buyer.

Turning to Plaintiff's request for attorneys' fees pursuant to the Carmack Amendment, Federal Rule of Civil Procedure 54(d) provides that "[a] claim for attorney's fees . . . must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."  Fed. R. Civ. P. 54(d)(2)(A).  The Court finds Plaintiff's request must be denied, because "[t]here is no provision for attorneys' fees under the Carmack Amendment."  Fine Foliage

of Fla., Inc. v. Bowman Transp., Inc., 698 F. Supp. 1566, 1576 (M.D. Fla. 1988). "The well-established rule is that 'each party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary.'" Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 429 (1983); Reeves v. Harrell, 791 F.2d 1481, 1483 (11th Cir. 1986)).  Accordingly, Plaintiff's request for attorney's fees is denied.  See Fine Foliage, 698 F. Supp. at 1576; accord Scotlynn USA Div., Inc. v. Cold Ground Transp., LLC, No. 2:15-cv-152-FtM-38CM, 2016 WL 6066682, at *3 (M.D. Fla. Oct. 14, 2016).

Finally, Plaintiff seeks to recover costs incurred in this action under Rule 54 of the Federal Rules of Civil Procedure.  Plaintiff, the prevailing party, is entitled to recover its reasonable costs under Rule 54(d).  See Fed. R. Civ. P. 54(d)(1). 28 U.S.C. § 1920 provides that the court's $400 filing fee may be taxed as a cost. Plaintiff's request for court costs is granted.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Travelers Property Casualty Company of America's Motion for Entry of Default Judgment [6] is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff's Motion is **GRANTED**, and the Clerk is **DIRECTED** to enter judgment in favor of Plaintiff against Defendant

ASF Intermodal, LLC in the following amounts:  (1) damages in the amount of $87,730.62; and (2) costs in the amount of $400.00, for a total damage award of $88,130.62.   Plaintiff's request for attorneys' fees is **DENIED**.

    **SO ORDERED** this 7th day of March, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE